Case 05-35003    Filed 01/13/06    Doc 18

FILED

JAN 13 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No. 05-35003-C-7 |
| ) | |
| ROMAN VASQUEZ and ) | MC. No. GLF-1 |
| IDA VASQUEZ, ) | |
| ) | |
| Debtors. ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e). Upon review of the record, the court determined that the written record was adequate and that no oral argument was necessary.

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).



## Findings of Fact

Debtors filed their voluntary chapter 7 petition on October 10, 2005. They scheduled a 2001 Chrysler Town & Country Mini-Van ("the vehicle") as property of the estate. The vehicle was scheduled as exempt in the approximate amount of $0. The chapter 7 trustee filed a report finding that there was no property available for distribution from the estate over and above that exempted by debtors.

On December 12, 2005, Long Beach Acceptance Corporation("movant") filed a motion, notice, and declaration requesting that this court terminate the automatic stay to permit movant to repossess the vehicle. The Kelley Blue Book median value of the vehicle is approximately $10,300. Movant holds a lien on the vehicle in the approximate amount of $16,317.25.

The court notes that movant served the motion, notice, and declaration the chapter 7 trustee at an incorrect address. Movant served the trustee at P.O. Box 6011, in Incline Village, Nevada. The trustee's correct address is P.O. Box 33641, in Reno, Nevada.

The court also notes that movant did not file a Relief from Stay Information Sheet with its motion as required by the local rules.

A hearing was set for January 10, 2006. No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and

that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against debtors <u>in personam</u> and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c).

The automatic stay may be terminated earlier if debtors fail to protect the secured party's interest adequately, § 362(d)(1), and, with respect to a stay of an act against property, debtors do not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2)(B). The issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated in a chapter 7 case.

In this instance, the chapter 7 trustee has not been given an appropriate due process opportunity to oppose the motion because movant served the trustee at the incorrect address. Accordingly, the motion will be denied.

Additionally, motions for relief from stay must comply with local rule 4001-1. Local rule 4001-1(c), requires the following:

> The movant shall file and serve as a separate document a completed Relief from Stay Information Sheet (EDC Approved Form 3-468) with each motion

for relief from the automatic stay.

The movant's motion did not include a separate Relief from Stay Information Sheet as required by local rule 4001-1(c). Therefore, the motion for relief from the automatic stay will also be denied without prejudice for failure to comply with the Information Sheet requirement of local rule 4001-1(c).

Accordingly, an appropriate order will issue.

Dated: January 13, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Roman & Ida Vasquez
3910 Navaho Drive
Antelope, CA 95843

Michael E. O'Neal
1565 River Park Dr. #A
Sacramento, CA 95815

Gerald Ainsworth
P.O. Box 33641
Reno, NV 89533

Gary L. Fertig
875-A Island Dr. #373
Alameda, CA 94502

Long Beach Acceptance Corp.
975 S. Fairmont Ave.
Long Beach, CA 95241-1908

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA  95814

Dated: 1-18-06

_____M. Anderson_____
Deputy Clerk